**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Xinxing Lin,

Plaintiff,

v.

Generic S and the Individual or Entity Operating Generic S,

Defendant.

Case No.: 26-cv-11939

## COMPLAINT

Plaintiff Xinxing Lin ("Plaintiff") hereby brings the present action against Defendant Generic S and the Individual or Entity Operating Generic S ("Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for infringement of Plaintiff's federally registered trademark. Defendant, without authorization or license, offered for sale and sold footbags bearing Plaintiff's trademark Trivolusia through its e-commerce storefront on Amazon ("Infringing Products"). By using the identical Trivolusia mark in connection with the marketing and sale of competing sports and recreational products, Defendant has unfairly competed with Plaintiff, traded upon the goodwill associated with the Trivolusia brand, and created a likelihood of consumer confusion as to the source or affiliation of Defendant's products.

2. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial injury, including loss of sales and market share in the Amazon marketplace, diversion of customers, loss of goodwill developed through years of use and promotion of the Mark, loss of control over the reputation associated with products sold under the Mark, and impairment of the substantial

investments Plaintiff has made in developing and promoting the Trivolusia brand. Accordingly, Plaintiff seeks monetary damages, injunctive relief, and all other remedies available under Lanham Act and applicable law.

## JURISDICTION AND VENUE

3. This is an action for federal trademark pursuant to the provisions of the Lanham Act, 15 U.S.C. §§ 1114, and 1125, *et seq*. Accordingly, this Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C §§ 1331 and 1338.

4. Defendant is subject to personal jurisdiction in this District, because it directed business activities toward and conducted business with consumers throughout the United States, including within the State of Illinois and this District through, at least, its Amazon storefront, where Defendant advertised, offered to sell, and upon information and belief, sold and shipped Infringing Products to residents within this District. As a result, Defendant has purposefully availed itself of the privilege of conducting business in the forum state, Plaintiff's injuries stem from the Defendant's forum-related infringing conduct, and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

5. Alternatively, Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

6. Venue is proper in this Court pursuant to 28 U.S.C § 1391, since Defendant is, upon information and belief, foreign entity or individual who is engaged in infringing activities and causing harm within this District by offering to sell, selling, and shipping Infringing Products into this District.

//

## THE PLAINTIFF

7. Plaintiff is the owner of United States trademark Trivolusia (Reg. No. 7,937,911) (the "Mark"). The Mark was duly registered on September 09, 2025. Attached hereto as **Exhibit 1** is a true and correct copy of the U.S. Registration Certificate.

8. Plaintiff's Mark registration information is listed below:

| REGISTRATION NUMBER | PLAINTIFF'S MARK | GOODS AND SERVICES |
|---|---|---|
| 7,937,911 | Trivolusia | CLASS 28: Dolls; Elbow pads for athletic use; Exercise hand grippers; Leg guards for athletic use; Sport balls; Stuffed and plush toys; Toy for pets |

9. Plaintiff markets and sells his own products under the Mark. Plaintiff has been using the Mark in connection with his own products.

10. Plaintiff has continuously used the Mark in commerce in connection with sports and recreational products, including footbags, since at least as early as 2024.

11. Plaintiff has invested substantial time, effort, and resources in developing, marketing, promoting, and selling products bearing the Mark. The commercial success of Plaintiff's products is attributable to, among other things, their quality, design, competitive pricing, durability, and broad range of available product options.

12. As a result of Plaintiff's extensive use and promotion of the Mark, consumers have come to recognize the Mark as identifying products originating from Plaintiff. Plaintiff's products sold under the Mark have received numerous favorable customer reviews and ratings, generating substantial goodwill associated with the Mark.

13. Although the Mark may not be a famous mark in the traditional sense, it has developed significant source-identifying significance and consumer recognition within online marketplace platforms, where consumers associate the Mark with Plaintiff and Plaintiff's products.

14. The above U.S. registration for the Mark is valid, subsisting, in full force and effect. The registration for the Mark constitutes *prima facie* evidence of its validity and of Plaintiff's right to use the Mark pursuant to 15 U.S.C. § 1057(b).

15. The Mark has been used continuously and has never been abandoned. The Mark is distinctive and identifies products including footbags from Plaintiff.

16. Due to Defendant's infringing conduct, Plaintiff has suffered and continues to suffer substantial injury, including loss of sales and market share in the Amazon marketplace, diversion of customers, loss of goodwill developed through years of use and promotion of the Mark, loss of control over the reputation associated with products sold under the Mark, and impairment of the substantial investments Plaintiff has made in developing and promoting the Trivolusia brand.

## **THE DEFENDANT**

17. On information and belief, Defendant is a foreign individual or entity who owns and operates its Amazon storefront and sells Infringing Products through at least https://www.amazon.com/dp/B0H1BV6PXL.

18. On information and belief, Defendant regularly conducted, transacted business, and derived substantial revenue from its business transactions in the U.S. including this District. Consumers in the United States can view Defendant's e-commerce store and communicate with Defendant regarding its listings and to place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including this District.

19. Upon information and belief, Defendant accepted payment in U.S. Dollars and offered shipping to the U.S., including to Illinois.

20. Upon information and belief, Defendant is aware of Plaintiff's Mark, and that its infringing activities alleged herein are likely to cause injury to Plaintiff.

21. On information and belief, Defendant resides and operates in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

## DEFENDANT'S INFRINGING CONDUCT

22. Defendant advertised, offered for sale and sold Infringing Products bearing infringing versions of the Mark to mislead the public that Defendant's products emanate from the Plaintiff. Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including Defendant.

23. Plaintiff has not licensed or authorized Defendant to use the Mark, and Defendant is not an authorized retailer of genuine Plaintiff products.

24. Defendant advertised, offered for sale, and sold Infringing Products bearing the identical Trivolusia Mark through its Amazon storefront without authorization from Plaintiff.

25. Defendant used the exact Trivolusia Mark in connection with the marketing, advertising, offering for sale, and sale of sports and recreational products that directly compete with Plaintiff's footbag products.

26. Defendant's use of the Mark was not limited to a reference or comparative use. Rather, Defendant used Trivolusia as the purported brand name of its products and prominently displayed the Mark in the title of its Amazon product listing.

27. Specifically, Defendant used the product title "Trivolusia 6-Pack Hacky Footbag Sack Set - Soft Kick Sack Balls for Adults & Beginners - Durable Juggling & Outdoor Game - Portable Fun for Beach, Camping, Backyard & Summer Party," which is identical or substantially identical to the title used in connection with Plaintiff's genuine product listing. Attached hereto as **Exhibit 2** is a true

and correct copy of the screenshot evidence demonstrating the listing of Defendant's Infringing Product.

28. On or about May 26, 2026, Plaintiff's investigator ordered an Infringing Product listed on Defendant's Amazon store and directed the Infringing Product shipped and delivered to an address in Chicago, Illinois. *See also* **Exhibit 2**.

29. Both Plaintiff and Defendant market and sell sports and recreational products through e-commerce stores and target the same class of consumers through the same channel of trade. As a result, consumers encountering Defendant's listing are likely to believe that Defendant's products originate from, are affiliated with, or otherwise connected with Plaintiff.

30. Defendant's use of the identical Mark in connection with substantially similar products offered through the same marketplace platform creates a strong likelihood of consumer confusion as to the source, sponsorship, affiliation, or approval of Defendant's products.

31. On information and belief, Defendant has engaged in fraudulent conduct when registering its Amazon store by providing false, misleading and/or incomplete information to Amazon. Defendant's true identity is unknown.

32. On information and belief, Defendant maintains off-shore bank accounts and regularly moves funds from its financial accounts to off-shore accounts outside the jurisdiction of U.S. courts to avoid payment of any monetary judgment awarded to Plaintiff.

33. Upon information and belief, Defendant has the ability to quickly and easily change its Amazon e-commerce store data, including but not limited to titles, descriptions, images, videos, date first available, and other product description information.

34. Upon information and belief, through its Amazon e-commerce store, Defendant listed, offered for sale, and sold Infringing Products under the Mark as its brand name even though Defendant is not the brand owner and lacks authorization to use the Mark, thereby utilizing Amazon's

listing functionality, which permits sellers to designate a brand name without independent verification of ownership or authorization.

35. Defendant's infringing activities have caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

36. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

37. This is a trademark infringement action against Defendant resulting from its unauthorized use of the Mark in connection with promoting, distributing, offering for sale, and selling Infringing Products.

38. Plaintiff is the exclusive owner of the Mark. Plaintiff's United States registration for the Mark is in full force and effect.

39. The Mark is very distinctive, especially as applied to sports and recreational products as enumerated in the Mark registration.

40. Defendant offered to sell and sold footbag products bearing the Mark to the State of Illinois, including this District, without authorization or license.

41. Defendant's use of the Mark is identical to the Mark.

42. Defendant marketed the Infringing Products in the same channels of trade as Plaintiff markets its own products using the Mark.

43. Defendant's Infringing Products are substantially similar to Plaintiff's products marketed and sold using the Mark. Defendant's Infringing Products are infringing in nature.

44. Defendant's use of the Mark has caused Plaintiff to suffer irreparable harm, including but not limited to, lost profits and lost future profits, loss of market share, loss of control over the Mark, loss of marketplace.

45. On information and belief, Defendant has knowledge of Plaintiff's rights in the Mark yet willfully chose to use the Mark without authorization. Defendant's willful, intentional, and unauthorized use of the Mark is likely to cause and has caused confusion, mistake, and deception as to the origin and quality of the Infringing Products among the consumers who shop online for the footbag products.

46. Defendant's infringing conduct constitutes willful trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

47. Plaintiff has no adequate remedy at law, and if Defendant's infringing conducts are not enjoined, Plaintiff will suffer irreparable harm.

48. Plaintiff has suffered damages as a result of Defendant's infringing conducts.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C § 1125(a))**

49. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

50. Defendant's marketing, offering for sale, and sale of Infringing Products has created a likelihood of confusion, mistake, and deception among the consumers as to the affiliation, connection, or association with Plaintiff, and as to approval of Defendant's Infringing Products by Plaintiff.

51. By using the Mark on the Infringing Products, Defendant created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

52. Defendant's false designation of origin and misrepresentation of fact as to the origin and approval of the Infringing Products to the consumers involves the use of the Mark and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

53. Plaintiff has no adequate remedy at law, and if Defendant's infringing conducts are not enjoined, Plaintiff will suffer irreparable harm.

54. Plaintiff has suffered damages as a result of Defendant's infringing conducts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

1) That Defendant, its affiliates, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:
   a. using the Mark or any reproductions, infringing copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of footbags without Plaintiff's authorization;
   b. committing any acts calculated to cause consumers to believe that Defendant's footbags are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and
   c. further infringing the Mark.
2) That Defendant accounts for and pay to Plaintiff all profits realized by Defendant from Defendant's infringing conduct herein alleged, and that the amount of damages for infringement of Plaintiff's Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;
3) In the alternative, that Plaintiff be awarded statutory damages for willful trademark infringement pursuant to 15 U.S.C. § 1117(c)(2) of $100,000 for each and every use of Plaintiff's Mark;
4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and
5) Award any and all other relief that this Court deems just and proper.

Dated: September 29, 2026

Respectfully submitted,

/s/ *Faye Yifei Deng*

Faye Yifei Deng
YK Law LLP
445 S Figueroa St
Suite 2280
Los Angeles, California 90071
fdeng@yklaw.us
Tel: 213-401-0970

*Attorney for Plaintiff Xinxing Lin*